UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA O. ADAMS,<br><br>                Plaintiff,<br><br>        v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>                Defendants. | Case No. 24-cv-06289-JSW<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in San Mateo County Jail proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against the County of San Mateo and the Sheriff of the County of San Mateo.[1] He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff also names two county government entities as defendants: County Correctional Health Services and the Sherriff's Office. The Court construes these entities as branches of the County of San Mateo, not independent government entities, and thus the claims against them are construed as claims against Defendant County of San Mateo.

TEST

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **LEGAL CLAIMS**

Plaintiff is a pretrial detainee who claims he received inadequate medical care in the San Mateo County Jail. He alleges he injured his shoulder while working out at the jail. He heard a pop in his shoulder and has pain and loss of movement in his arm. An MRI was ordered by a jail doctor. A nurse practitioner subsequently canceled the MRI, deeming it "elective." He got x-rays, was diagnosed with non-emergent arthrosis, and told to seek further treatment when he is released. Plaintiff thereafter was examined by another jail doctor and a jail orthopedist, who ordered an MRI. He has not received an MRI as of eight months later. He continues to have pain and does not have full use of his arm. He claims deliberate indifference to his serious medical needs in violation of the 14th Amendment.

Plaintiff names two Defendants: the Sheriff and the County of San Mateo. He does not state a cognizable claim against the Sheriff because he does not allege she was involved in any way in his medical care or any actions or omissions by her; she cannot be held liable solely because she was his supervisor because there is no respondeat superior liability under Section

1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff also does not state a cognizable against the County because there is no alleged pattern or practice of inadequate medical care, an essential element of a 1983 claim against a county. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978).  This claim cannot be cured by amendment because he alleges three jail employees (doctors) gave him proper care by ordering the MRI, which precludes a reasonable inference that the County has a custom or policy of deliberate indifference to medical care.  Therefore, the claim against the County must be dismissed without leave to amend.

Plaintiff may file an amended complaint to cure the deficiency in his claim against the Sheriff by alleging specific actions or omissions by her that caused Plaintiff not to receive adequate medical care.  In his amended complaint, Plaintiff may also add any claims he wants to bring against the nurse who canceled his MRI or others, provided he alleges facts supporting a reasonable inference that their actions or omissions amounted to deliberate indifference to his medical needs in violation of the 14th Amendment.

## CONCLUSION

For the reasons set out above,

1. The complaint is DISMISSED for failure to state a cognizable claim for relief.  The claims against the County of San Mateo are dismissed without leave to amend.  The claims against the Sherriff are dismissed with leave to amend.

2. Plaintiff may file an amended complaint within **on or before November 13, 2024.** The amended complaint **must** include the caption and civil case number used in this order (No. C 24-6289 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order, including curing the deficiencies in the claims described above, will result in the dismissal of this case.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." She also must comply with the Court's orders in a timely fashion, although she may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 15, 2024

JEFFREY S. WHITE
United States District Judge